UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Warren Russell**, # 316802,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>**Donald V. Myers**, Solicitor Lexington County;<br>**South Congaree Police Department**;<br>**Captain Steven Jonas**, South Congaree Police Department,<br><br>　　　　　　　　　　Defendants. | C/A No. 0:08-2893-HFF-BM<br><br><br><br>**Report and Recommendation** |

## *Background of this Case*

The plaintiff is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections. The South Carolina Department of Corrections website (www.doc.sc.gov) reveals that the plaintiff is serving a fifteen-year sentence for a conviction for kidnapping. According to the South Carolina Department of Corrections website, the plaintiff's conviction was entered in the Court of General Sessions for Richland County in 2008. In the above-captioned case, the plaintiff has brought suit against the Solicitor for the Eleventh Judicial Circuit, the Town of South Congaree Police Department, and a Captain of the South Congaree Police Department. The Town of South Congaree is located in eastern Lexington County.

The above-captioned civil rights action arises out of a matter unrelated to the plaintiff's conviction for kidnapping. This case concerns the seizure and forfeiture of $1,414.82 in

1



United States currency seized from the plaintiff when he was arrested in South Congaree for driving under suspension and simple possession of marijuana on March 30, 2007. The Office of the Solicitor for the Eleventh Judicial Circuit subsequently commenced a forfeiture action in the Court of Common Pleas for Lexington County. The plaintiff indicates that the forfeiture action (Case No. 2007-CP-32-2455) was decided adversely to him.

In his prayer for relief, the plaintiff seeks various types of relief. Specifically, the plaintiff seeks return of the $1,414.82, legal fees and costs, and "pain and suffering" from the loss of the plaintiff's "Rent money." The plaintiff also requests damages for "Investment money for stocks, used cars, or what ever else [he] could have Invested." (Complaint, at page 5 [irregular capitalization in original]). Also, the plaintiff appears to be seeking criminal charges against Captain Steven Jonas for perjury and subornation.

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.



an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  However, even under this less stringent standard, the § 1983 complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Solicitor Myers is subject to summary dismissal because of prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors.  *See* S.C. Const. Article V, § 24; and S.C. Code Ann. § 1-7-310.  Solicitors are elected by voters of a judicial circuit.  Prosecutors — such as Solicitor Myers — have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings.  *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); and *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000).

---

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



The plaintiff indicates that the forfeiture action (Case No. 2007-CP-32-2455) was decided adversely to him by the Court of Common Pleas for Lexington County, and prosecutorial immunity extends to forfeiture proceedings. *See Mendenhall v. Goldsmith*, 59 F.3d 685 (7th Cir. 1995) (prosecutor's filing for an injunction in civil forfeiture case was entitled to absolute immunity because the prosecutor "acted pursuant to the authority vested in him under [state] law, functioning purely in his capacity as an advocate for the state"); and *Schrob v. Catterson*, 948 F.2d 1402, 1411-12 (3rd Cir. 1991) (prosecutor's initiation of an *in rem* civil proceeding for the forfeiture of criminal property was absolutely immune because it was "intimately connected with the criminal process," and because an owner of the property would have sufficient opportunity to challenge the legality of the proceeding). In *Schrob v. Catterson*, the United States Court of Appeals for the Third Circuit also held that the prosecutor was entitled to absolute immunity in connection with his actions in drafting and filing the in rem complaint for forfeiture of the business, drafting and applying for the warrant to seize the business and even making incorrect statements at the warrant hearing. *Schrob v. Catterson*, 948 F.2d at 1408-1419. *Cf. Dababnah v. Keller-Burnside* (prosecutorial immunity applies to actions in seeking court order to secure person's property and to extradition proceedings).

This case is also subject to summary dismissal under the recently-limited *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983) (federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257.).[3] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Although the *Rooker-*

---

[3]Appeals of orders issued by lower state courts must go to a higher state court. Secondly, the Congress, for more than two hundred years, has provided that only *the Supreme Court of the United*
(continued...)

4



*Feldman* doctrine has been limited by later case law, such as *Exxon-Mobil Corp. v. Saudi Basic Industr. Corp.*, 544 U.S. 280 (2005), and *Davani v. Virginia Dept of Transportation*, 434 F.3d 712 (2006), it is well settled that this federal court cannot set aside the order of forfeiture in Case No. 2007-CP-32-2455. *Cf. Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969) (federal district courts do not have jurisdiction to enter writs of mandamus directed at state courts). Moreover, since the above-captioned case is a non-habeas civil action, this federal court must accord full faith and credit to the decision of the Court of Common Pleas for Lexington County in Case No. 2007-CP-32-2455. *See* 28 U.S.C. § 1738.

Finally, the plaintiff cannot obtain criminal charges against Captain Jonas in this civil rights action. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases); *Doyle v. Oklahoma State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970); *Nader v. Saxbe*, 497 F.2d 676, 679 nn. 18-19, 681 n. 27 (D.C. Cir. 1974) (n. 27: "Thus her [Linda R. S.'s] complaint in effect sought a judicial order compelling prosecution of a particular individual, a practice shunned by American courts."); and *United States v. Passman*, 465 F. Supp. 736, 741 & n. 13 (W.D. La. 1979) ("the defendant lacks

---

(...continued)
*States* may review a decision of a state's highest court. *See* 28 U.S.C. § 1257 (since 1988, such Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right). In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors. *See, e.g.*, *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1991) (an example of a South Carolina Supreme Court case that was reviewed by the United States Supreme Court).



standing to challenge the failure of the government to instigate criminal proceedings against another person."). *See also Sattler v. Johnson*, 857 F.2d 224 (4th Cir. 1988); and *Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'").[4] Since the plaintiff does not have standing to seek a criminal investigation or criminal charges, such relief requested by the plaintiff cannot be granted in the above-captioned case. Furthermore, this federal district court cannot suspend or remove defendant Myers or defendant Jonas from their jobs. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), *citing United States v. White County Bridge Commission*, 275 F.2d 529, 535 (7th Cir. 1960).

## *Recommendation*

Accordingly, it is recommended that the Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after

---

[4] Paragraph 3 of the "STATEMENT OF CLAIM" portion of the complaint appears to indicate that Officer Jonas testified at the forfeiture proceeding. *See* Complaint (Entry No. 1), at page 4. If so, Captain Jonas would be entitled to summary dismissal on this ground as well. In this judicial circuit, it is well settled that a witness in a state court proceeding cannot be sued under 42 U.S.C. § 1983 because a witness does not act under color of state law, which is a jurisdictional requirement for a § 1983 suit. *Burke v. Miller*, 580 F.2d 108, 109-10 & n. 3 (4th Cir. 1978). Moreover, all persons who testified in any judicial proceedings relating to the forfeiture have absolute immunity in an action for damages brought under 42 U.S.C. § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 327-46 (1983); and *Lowman v. Town of Concord*, 1995 U.S. Dist. LEXIS® 3041, 1995 WL 108224 (W.D.N.Y., March 7, 1995) (collecting cases).



docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].

The plaintiff's attention is directed to the Notice on the next page.

August 27, 2008  Bristow Marchant
Columbia, South Carolina  United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

