

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| WARREN RUSSELL,<br>    Plaintiff,<br><br>vs.<br><br>DONALD MYERS, SOUTH CONGAREE POLICE DEPT, and CAPTAIN STEVE JONAS<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 9:08-2893-HFF-BM |

# ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the case be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

The Magistrate Judge filed the Report on August 27, 2008, and the Clerk of Court entered Plaintiff's objections to the Report on September 4, 2008.

In this action, Plaintiff seeks to recover $1,414.82 that he alleges was illegally taken from him upon his arrest by the Congaree Police Department. (Pl. Compl. 3.) In his Complaint, Plaintiff notes that a state forfeiture action was filed against him in Lexington County regarding this money (2007-CP32-2455). (Pl. Compl. 3-4.) According to the Court's review of the Lexington County public records, Plaintiff's forfeiture action is still pending. Because the Magistrate Judge analyzed Plaintiff's complaint as though a final judgment had been entered by Lexington County (Report and Recommendations 2), further analysis of Plaintiff's claims is necessary.

In *Younger v. Harris*, the Supreme Court announced the doctrine that federal courts should not interfere with ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). The Court based the doctrine on principles of equity, the notion of "comity" or a proper respect for state functions, and the notion of "Our Federalism" or the idea that the national government should be sensitive to the rights of the states. *Id.* at 43-44. The *Younger* doctrine was later extended to include state civil enforcement actions. *Juidice v. Vail*, 430 U.S. 327, 336-37(1977) (applying *Younger* to civil contempt proceedings). More importantly, abstention under the *Younger* doctrine has been applied in the context of state forfeiture proceedings. *See Loch v. Watkins*, 337 F.3d 574, 579 (6th Cir. 2003) (joining Eighth Circuit in holding that forfeiture proceedings are quasi-criminal in nature and warrant application of *Younger* doctrine). In light of *Younger* and its progeny, the Court will abstain from interfering with Plaintiff's ongoing case in Lexington County.

In his objections to the Magistrate Judge's Report, Plaintiff argues, inter alia, that he never received documentation of the outcome of the state forfeiture action and that he wishes to appeal that action. Because that case is still pending, those issues are not ripe for review nor are they reviewable by the Court. However, the Court encourages Plaintiff to contact the Lexington County Clerk of Court to check on the status of his state proceeding. Plaintiff's remaining objections are without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent that it does not conflict with this Order and incorporates it herein. Therefore, it is the judgment of this Court that the case be **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 29th day of September, 2008, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.